**Richard Anthony HERNANDEZ,**
**Petitioner—Appellant,**

v.

**Anthony A. LAMARQUE, Warden; Attorney General for the State of California, Respondents—Appellees.**

No. 07–15921.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed Oct. 1, 2008.

Richard Anthony Hernandez, Corcoran, CA, pro se.

David M. Porter, FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Kathleen Anne McKenna, AGCA—Office of the California Attorney General, Fresno, CA, for Respondents–Appellees.

Before: SCHROEDER, WALKER,[*] and N.R. SMITH, Circuit Judges.

## ORDER AND AMENDED MEMORANDUM [**]

### ORDER

The memorandum filed on June 24, 2008 is replaced in its entirety by the amended memorandum filed concurrently with this order. With this amended memorandum, the panel has voted to deny the petition for panel rehearing and the petition for rehearing en banc. No further petitions for rehearing or rehearing en banc may be filed by the parties.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED.

### AMENDED MEMORANDUM

Richard Anthony Hernandez, a California state prisoner, appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for escape. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

We review the district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo. See *Rodriguez Benitez v. Garcia,* 495 F.3d 640, 643 (9th Cir.2007) (per curiam). We review the "last reasoned decision" of the state courts, which here is the California Court of Appeal decision. See *Edwards v. Lamarque,* 475 F.3d 1121, 1126 (9th Cir.2007) (en banc). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs our review of challenges to state convictions brought under 28 U.S.C. § 2254, a petitioner must demonstrate that the state court's decision on the merits was contrary to, or involved an unreasonable application of, clearly established federal law under United States Supreme Court precedent, or that the decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d); see *Lockyer v. Andrade,* 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The district court concluded that Hernandez failed to carry his burden under AEDPA. We agree.

The use of peremptory challenges to remove prospective jurors solely on grounds of presumed racial or other group bias is prohibited under both the United States and California Constitutions. *Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *People v. Wheeler,* 22 Cal.3d 258, 272, 148 Cal.Rptr. 890, 583 P.2d 748 (1978). In *Batson,* the Supreme Court set out a three-step process for the trial court to determine whether a peremptory challenge is race-based in violation of the Equal Protection Clause. See *Snyder v. Louisiana,* — U.S. —, 128 S.Ct. 1203, 1207, 170 L.Ed.2d 175 (2008); *Purkett v. Elem,* 514 U.S. 765, 767, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995).

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race[; s]econd, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question[; and t]hird, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

---

[*] The Honorable John M. Walker, Jr., Senior United States Circuit Judge for the Second Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Snyder,* 128 S.Ct. at 1207 (citations omitted).

In applying *Batson* to determine a prosecutor's discriminatory intent, the trial court must evaluate the prosecutor's credibility, *Snyder,* 128 S.Ct. at 1207, and determine whether the stated reasons are race-neutral, relevant to the case, and "the prosecutor's genuine reasons for exercising a peremptory strike, rather than pretexts invented to hide purposeful discrimination." *Green v. LaMarque,* 532 F.3d 1028, 1030 (9th Cir.2008). The trial court must undertake a sensitive inquiry into all circumstantial and direct evidence bearing on the prosecutor's intent. *Id.*

"[A] trial court's ruling on the issue of discriminatory intent must be sustained unless it is clearly erroneous." *Snyder,* 128 S.Ct. at 1207. We give the trial court's findings on intent great deference because such determinations lie "peculiarly within a trial judge's province," and "in the absence of exceptional circumstances, we would defer to the trial court." *Id.* (citations omitted).

We conclude that the state court satisfied its requirement to properly apply *Batson,* the relevant clearly established federal law under United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The Court of Appeal determined, as it was required to do under the third step in the *Batson* test, that the prosecutor's proffered reasons for using peremptory challenges to strike jurors were not pretextual and were the prosecutor's genuine reasons for exercising a peremptory strike. The record supports the state court's conclusion that the bases for challenge offered by the prosecution were legitimate, nondiscriminatory, and genuine. *See Batson,* 476 U.S. at 98 & n. 20, 106 S.Ct. 1712; *Green,* 532 F.3d at 1030. Thus, the Court of Appeal's decision was not contrary to, or an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

We also conclude that the state court findings were neither clearly erroneous nor unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2). The Court of Appeal adequately examined the prosecutor's stated reasons for dismissing each challenged juror in determining whether the reasons were legitimate, nondiscriminatory, and genuine. Our review of the record does not reveal that similarly situated members of a different race were allowed to serve, nor does it reflect a statistical record suggesting "extensive evidence of purposeful discrimination" against Hispanic jurors. *See Miller–El v. Dretke,* 545 U.S. 231, 241, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005). Thus, Hernandez has not met his burden of showing that "any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." *Taylor v. Maddox,* 366 F.3d 992, 1000 (9th Cir.2004).

**AFFIRMED.**